UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:21-cr-292-VMC-TGW

RICHARD SIMPKINS

_____/

**ORDER**

This matter comes before the Court upon consideration of the United States of America's Motion to Substitute Victim for Purposes of Restitution (Doc. # 131), filed on September 23, 2024. For the reasons that follow, the Motion is granted.

**Discussion**

In connection with the fraudulent theft of a Paycheck Protection Program ("PPP") loan funded by Celtic Bank, Defendant Richard Simpkins pled guilty, pursuant to a plea agreement, to one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). (Doc. # 66 at 1, 17-18; Doc. # 110; Doc. # 131 at 2). This PPP loan was guaranteed by the Small Business Administration ("SBA"). (Doc. # 66 at 18; Doc. # 131 at 1). In its judgment entered on February 17, 2023, the Court ordered Simpkins to pay

1

restitution to Celtic Bank, the current victim and payee, in the amount of $1,903,157. (Doc. # 110 at 6). However, as guarantor, the SBA has since guaranty purchased the loan from Celtic Bank. (Doc. # 131 at 2). The United States now moves to substitute the SBA as victim and payee.

The Mandatory Victim Restitution Act ("MVRA") provides that "if a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide compensation," with the condition that "the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." 18 U.S.C. § 3664(j)(1).

The SBA has already compensated Celtic Bank for the loss incurred due to Simpkins' crime. (Doc. # 110 at 2). Because Celtic Bank has been made whole by the SBA's guaranty purchase, Section 3664(j)(1) of the MVRA supports substituting the SBA as the victim of Simpkins' crime. (Id.); see United States v. Lieberman, No. CV 3:15-CR-161 (PGS), 2019 WL 2568600, at *2 (D.N.J. June 21, 2019) (substituting a bank as victim and primary payee was proper under Section 3664(j)(1) because the bank insured and paid a substantial

portion of payee's loss), aff'd, 802 F. App'x 665 (3d Cir. 2020). Substituting the SBA as victim and payee for Simpkins' remaining restitution payments is therefore proper.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States' Motion to Substitute Victim for Purposes of Restitution (Doc. # 131) is **GRANTED.**

(2) The Clerk is directed to substitute the Small Business Administration as the victim and payee in this case. All current and future payments that would otherwise be sent to Celtic Bank are to be sent to the Small Business Administration until the restitution has been fully paid.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of September, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE